**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**BRIAN KEITH MISENHEIMER**                                              **PETITIONER**
**ADC #136527**

**VS.**               **CASE NO.: 5:12CV00387 KGB/BD**

**RAY HOBBS, Director,**                                                        **RESPONDENT**
**Arkansas Department of Correction**

**RECOMMENDED DISPOSITION**

**I**.      **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to United States District Court Judge Kristine G. Baker. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## II. Background

On July 5, 2006, Petitioner, Brian Misenheimer, entered a plea of guilty in the Circuit Court of Pulaski County, Arkansas, to theft of property, fleeing, and two counts of aggravated assault. On October 4, 2006, Mr. Misenheimer entered a guilty plea in the Circuit Court of Saline County, Arkansas, to first-degree battery, theft by receiving, fleeing, and criminal mischief. (#7-1)

After Mr. Misenheimer pleaded guilty in Pulaski County, the prosecutor in Saline County amended his information and sought to sentence Mr. Misenheimer as a habitual offender under Ark. Code Ann. § 5-4-501. (#1 at p. 17) As a habitual offender, Mr. Misenheimer was sentenced in Saline County to an aggregate term of 1500 months in the Arkansas Department of Correction ("ADC"). (#7-1 at p. 4)

Mr. Misenheimer reserved the right to appeal the appropriateness of the sentencing as a habitual offender. (#1 at p. 21) On appeal, he argued that the habitual offender statute, Arkansas Code Annotated § 5-4-501, should not have been applied because all eight offenses arose from one criminal episode that stretched over Pulaski and Saline counties. On October 24, 2007, the Arkansas Court of Appeals affirmed Mr.

Misenheimer's Saline County sentences.  *Misenheimer v. State*, 100 Ark. App. 189, 265 S.W.3d 764 (2007).

On February 16, 2012, Mr. Misenheimer filed a pro se petition for writ of habeas corpus in the Jefferson County Circuit Court, in which he alleged that his conviction was invalid because the trial court did not have jurisdiction to enhance the sentence pursuant to the habitual offender statute.  (#1 at p. 27)  He also alleged that his judgment and commitment order was invalid on its face.

On April 11, 2012, the Jefferson County Circuit Court dismissed Mr. Misenheimer's habeas petition.  (#1 at p. 28)  On September 20, 2012, the Arkansas Supreme Court dismissed Mr. Misenheimer's appeal of the dismissal.  *Misenheimer v. Hobbs*, 2012 Ark. 343.

On October 15, 2012, Mr. Misenheimer filed a petition for writ of habeas corpus with this Court claiming:  (1) violation of the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution on the charge of fleeing; (2) violation of the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution on the charge of theft by receiving; and (3) violation of the Eighth and Fourteenth Amendments of the United States Constitution on the charges of battery-I and criminal mischief.  (#1)

Specifically, Mr. Misenheimer claims that it was double jeopardy to convict him in Pulaski County, then in Saline County, for a "single event" that spanned two counties.  He complains that it was cruel and unusual punishment to apply the habitual offender

statute to lengthen his sentence.  And he contends that his due process rights were violated because, before these charges were filed, he had no prior conviction to qualify as a habitual offender.

Respondent Ray Hobbs argues that Mr. Misenheimer's petition is barred by the statute of limitations set forth in 28 U.S.C. § 2244(d)(1).  (#7)  For the reasons explained below, the Court recommends that Mr. Misenheimer's petition be dismissed with prejudice.

### III.    The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), establishes a one-year limitations period for a state prisoner to commence a habeas corpus proceeding under 28 U.S.C. § 2254.  The statute provides that the limitation period begins to run from, "the date on which the judgement became final by the conclusion of direct review or the expiration of the time limit for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  If the Supreme Court has jurisdiction to review the direct appeal, the judgment becomes final ninety (90) days after the conclusion of the prisoner's direct appeal in the state system.  *Id*. at 656

In this case, Mr. Misenheimer's direct appeal was decided on October 24, 2007, when the Arkansas Court of Appeals affirmed the Saline County sentences; and his time to seek review of that decision in the Arkansas Supreme Court expired eighteen days later.  ARK. SUP. C. R. 2-4 (a).  Mr. Misenheimer did not seek review from the Arkansas

Supreme Court, so the judgment became final on November 11, 2007, and Mr. Misenheimer had one-year, until November 11, 2008, to file a petition for federal habeas relief.

Mr. Misenheimer did not file this federal habeas petition until October 15, 2012, over three years after the statute of limitations expired. Accordingly, Mr. Misenheimer's claims are barred unless the statute of limitations can be tolled.

A.   *Statutory Tolling*

Under title 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."

In this case, the state habeas corpus petition is the only post conviction petition filed by Mr. Misenheimer that could possibly have tolled the statute of limitations. It did not toll the statute of limitations in this case, however, because it was filed years after the limitations period had expired. See *Jackson v. Ault*, 452 F.3d 734, 736-36 (8th Cir. 2006)(statute of limitations is not tolled during the pendency of a state proceeding brought after the limitations period has expired). Accordingly, Mr. Misenheimer's claims are barred by the statute of limitations unless he is entitled to equitable tolling.

B.   *Equitable Tolling*

The limitations period set forth in 28 U.S.C. § 2244(d)(1) is subject to equitable tolling in appropriate cases. *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2560 (2010). However, a petitioner is entitled to equitable tolling only if he shows that he has pursued his rights diligently but that some extraordinary circumstances stood in his way and prevented a timely filing. *Id*. at 2562 (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)).

Here, Mr. Misenheimer did not file his federal habeas petition until over three years after the statute of limitations had expired. In *Pace*, the United States Supreme Court found that a petitioner was not diligent when he waited five months after the judgment of conviction became final to file his petition. *Pace*, 544 U.S. at 419.

In *Nelson v. Norris*, 618 F.3d 886 (8th Cir. 2010), the Court held that a nine-month delay in filing a habeas petition, after the Arkansas Supreme Court had denied rehearing, was not diligent. *Nelson*, 618 F.3d at 893. Mr. Misenheimer has not been diligent in pursuing his rights.

Mr. Misenheimer argues that the statute of limitations should be tolled because his counsel was ineffective. (#14 at p. 5) But ineffective assistance of counsel, "where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance in this regard." *U.S. v. Martin*, 408 F.3d 1089 (8th Cir. 2005) (citing *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002)). The Eighth Circuit has

acknowledged, though, that serious attorney misconduct, as opposed to mere negligence, might warrant equitable tolling in cases where the petitioner is claiming gross negligence of counsel retained to file the habeas petition. *Id*.

In this case, Mr. Misenheimer's first and only claim of ineffective assistance of counsel is raised in his supplemental reply to the response to support his equitable tolling argument. (#14 at p. 5) In the reply, he claims his trial counsel's failure to object to the Saline County charges on double jeopardy grounds constituted ineffective assistance of counsel. Mr. Misenheimer failed to assert this ineffective-assistance-of-counsel claim in his state habeas corpus petition or at any time prior to his reply. He has been aware of this alleged failure on the part of his counsel since at least 2007, yet he waited more than four years to raise it. Mr. Misenheimer's lack of diligence in pursuing his claims at every stage of the process precludes equitable tolling. *Pace v. Diguglielmo*, 544 U.S. 408, 419, 125 S.Ct. 1807, 1815 (2005)(petitioner's failure to diligently pursue his ineffective assistance of counsel claims precluded the application of equitable tolling).

## IV.    Certificate of Appealability

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. A certificate of appealability may issue only if Mr. Misenheimer has made a substantial showing of the denial of a constitutional right. 28

U.S.C. § 2253 (c)(1)-(2).  In this case, Mr. Misenheimer has not provided a basis for the Court to issue a certificate of appealability.

**V.**     **Conclusion**

Mr. Misenheimer's claims for habeas relief are barred by the one-year limitations period established by 28 U.S.C. § 2244(d).  Accordingly, the Court recommends that Brian Keith Misenheimer's petition for writ of habeas corpus (#1) be DISMISSED with prejudice.  The Court further recommends that no certificate of appealability be issued.

DATED this 4th day of April, 2013.

_____
UNITED STATES MAGISTRATE JUDGE